IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jacqueline D. Muhammad, | ) | Case No. 6:26-cv-01780-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| State Farm Fire and Casualty | ) | |
| Company, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court following an Order to Show Cause why the Court should not remand the action to state court. [Doc. 6.] Having reviewed the parties' filings and the applicable case law, the Court concludes it does not have subject matter jurisdiction over this action and, therefore, the case is remanded to the Greenville County Court of Common Pleas.

## BACKGROUND

Plaintiff Jacqueline D. Muhammad filed this case in the Greenville County Court of Common Pleas on December 12, 2025. [Doc. 1-1 at 5–8.] Defendant State Farm Fire and Casualty Company ("State Farm") removed the case to this Court on April 30, 2026. [Doc. 1.] The Complaint alleges that State Farm partially denied Plaintiff's claim for damage as a result of a water leak pursuant to a property insurance policy State Farm had issued to Plaintiff. [Doc. 1-1 ¶¶ 7–13.] It asserts claims for breach of contract and bad faith refusal to pay benefits and alleges that "as a result of [State Farm's] breach as set forth above," Plaintiff has "been damaged in an amount . . . in excess of $7,500.00." [*Id.* ¶¶ 15–29.] Plaintiff seeks actual, consequential, incidental, and punitive damages, and attorneys' fees and costs, all in unspecified amounts. [*Id.* at 8.] On May 4, 2026, the

Court issued an Order to Show Cause why the Court should not remand this action to state court based on lack of subject-matter jurisdiction because the amount in controversy did not appear to exceed the jurisdictional threshold.[1]  [Doc. 6.]

## APPLICABLE LAW

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Remand of a case to state court following removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The burden of establishing federal jurisdiction is placed upon the party seeking removal."  *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).  "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction."  *Id.*  Thus, remand is necessary if federal jurisdiction is doubtful.  *Id.*

---

[1] The Fourth Circuit Court of Appeals has explained:

> [A] district court may inquire *sua sponte* whether it has subject matter jurisdiction and impose on the defendants the burden of demonstrating jurisdiction, or it may invite a motion to remand based on a lack of subject matter jurisdiction and resolve that motion as it would any other motion, again imposing the burden of demonstrating jurisdiction on the defendants.

*Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

**DISCUSSION**

In its response to the Show Cause Order, State Farm argues that removal was proper because the district court has diversity jurisdiction over Plaintiff's case under 28 U.S.C. § 1332(a), which grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States,"[2] 28 U.S.C. § 1332(a)(1).  [Doc. 10.] State Farm asserts that after the water leak, it "inspected the property in July 2024 and . . . issued a payment to Plaintiff for damage the property sustained on the date of loss." [*Id.* at 1.]  State Farm does not identify the amount of the payment it issued.  [*See generally id.*]  State Farm adds that "[a]fter Plaintiff retained a public adjuster, the public adjuster sent State Farm an estimate for repairs to be completed totaling $55,672.28." [*Id.*]  State Farm argues that in light of Plaintiff's request for punitive damages and attorneys' fees, the amount-in-controversy requirement is satisfied here.  [*Id.* at 3–5.]

In her reply, Plaintiff states that she "does not dispute the legal standard cited by [State Farm], nor does [she] disagree with the legal analysis in [State Farm's] response," but that she now "has agreed to cap her damages at $74,999.00, exclusive of interest and costs, thus destroying federal diversity jurisdiction."  [Doc. 12 at 1.]

Even without considering Plaintiff's offered damages cap, the Court concludes State Farm has failed to demonstrate that the amount-in-controversy requirement is satisfied here.

---

[2] Complete diversity of the parties exists because Plaintiff is a citizen of South Carolina and State Farm is a citizen of Illinois for purposes of diversity jurisdiction.  [Docs. 1 ¶¶ 5–6; 1-1 at 5 ¶¶ 1–2.]

"Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim, provided that the claim is made in good faith." *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Nevertheless, "the amount in controversy requirement cannot be based on speculation as to what may occur." *Davenport v. State Farm Fire & Cas. Co.*, No. 6:24-cv-04330-JDA, 2024 WL 4453651, at *2 (D.S.C. Sept. 9, 2024) (internal quotation marks omitted). Indeed, a defendant must demonstrate that the amount in controversy is satisfied "when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin*, 574 U.S. at 89. "When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to show . . . what the stakes of litigation . . . are given the plaintiff's actual demands." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (alterations in original) (internal quotation marks omitted).

It is true that "claims for punitive damages must be included in the calculation of the amount in controversy." *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739-JMC, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011) (internal quotation marks omitted). However, "courts in this district have established that the mere existence of a claim for punitive damages will not establish to a legal certainty or reasonable probability that the amount in controversy exceeds $75,000." *SNB Props. v. CMH Homes, Inc.*, No. 1:22-cv-02158-SAL, 2022 WL 17976781, at *3 (D.S.C. Dec. 28, 2022) (internal quotation marks omitted) (collecting cases). Attorneys' fees also may be included in calculating the

4

amount in controversy. *Auto Money N. LLC v. Walters*, 737 F. Supp. 3d 330, 344 (D.S.C. 2024). As with punitive damages, however, whether the potential for a fee award is sufficient to push the case to the threshold jurisdictional amount depends upon the facts of the case. *Id.* at 344 & n.12.

While the parties agree that, absent Plaintiff's offer to cap her damages, the amount in controversy would be over $75,000, "it is well-established that parties cannot consent to or waive subject matter jurisdiction." *Thomas v. Seaworld Parks & Ent. LLC*, No. 4:19cv2, 2019 WL 8333529, at *2 n.4 (E.D. Va. Dec. 19, 2019); *see* 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3702 (5th ed. 2026) ("[T]he plaintiff and the defendant may not simply agree that the amount requirement has been satisfied, since parties cannot confer subject matter jurisdiction on the federal courts by stipulation or any other mechanism."); *cf. Bishop v. Halpin*, No. 2:22-cv-02871-DCN, 2022 WL 17261400, at *3 (D.S.C. Nov. 29, 2022) ("A plaintiff's refusal to stipulate to maximum damages does not establish that the claim exceeds $75,000. At best, it provides a tenuous and hypothetical inference.... [T]o hold removal is proper when a plaintiff refuses to stipulate to a cap on damages would be in disagreement with the long established presumption that remand is proper when removal is questionable." (internal quotation marks omitted)).

Critically, in this case, the Complaint does not specify the amount of damages sought. [*See* Doc. 1-1 at 8.] Indeed, the Complaint does not provide the monetary amounts of any component of damages other than to allege that damages exceed $7,500. [*See id.*]; *Legg v. Peterbilt of Atlanta, LLC*, 730 F. Supp. 3d 215, 219 (D.S.C. 2024) ("These allegations, which lack specific monetary figures, fail to allow for an accurate estimation

of the amount of damages."). The only monetary figure State Farm points to is the estimate Plaintiff submitted for repair of the water damage, the amount of which was $55,672.28, but that is of no help to the Court here considering that State Farm concedes it has already made a payment to Plaintiff and is silent as to the amount of the payment. [*See* Doc. 10.] Considering all of the facts, the Court concludes that State Farm has offered nothing more than speculation in its attempt to meet their burden of establishing jurisdiction, and that is insufficient. *See Davenport*, 2024 WL 4453651, at *2. The Court therefore remands the case to the Greenville County Court of Common Pleas.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

June 29, 2026
Greenville, South Carolina